UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA REYES,<br><br>        Plaintiff,<br><br> -against-<br><br>HOME CLEAN HOME INC., and NICOLE LEVINE,<br><br>        Defendants. | 1:24-cv-09078 (JLR)<br><br>**TRANSFER ORDER** |

JENNIFER L. ROCHON, United States District Judge:

 Plaintiffs bring this action asserting nine claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b); New York Labor Law, N.Y. Lab. Law art. 19, § 650 *et seq.*; New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*  For the reasons stated below, the Court hereby transfers this action to the United States District Court for the Eastern District of New York.

 Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled.  *Id.* § 1391(c)(1).  An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  *Id.* § 1391(c)(2).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be *sua sponte*. *See id.* at 83, 90 (affirming *sua sponte* transfer); *Bank of Am., N.A. v. Wilmington Tr. FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established." (citation omitted)). In determining whether to transfer a case, courts consider:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Corley*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that, on balance, the factors weigh in favor of transferring this case to the Eastern District of New York. To begin with, Plaintiff resides in the Southern District of New York, whereas both Defendants reside in the Eastern District of New York. *See* ECF No. 1 ("Compl.") at 2 ("[Plaintiff] Jessica Reyes is a natural person and resident of Bronx, New York. . . . Defendant HCHI is a domestic [New York Corporation] . . . with an office and place of business at 1323 East 15 Street[,] Brooklyn, N.Y. 11230. . . . Defendant Levine is a natural person and resident of Brooklyn, N.Y."). "While a plaintiff's choice of forum is generally entitled to great weight, 'the deference a court gives to the plaintiff's forum choice decreases where the operative facts . . . bear little material connection to the chosen forum.'" *Hamilton Int'l Ltd. v. Vortic LLC*, 414 F. Supp. 3d 612 (S.D.N.Y. 2019) (quoting *Tianhai Lace USA Inc. v. Forever 21, Inc.*, No. 16-CV-5950 (AJN), 2017 WL 4712632, at *5 (S.D.N.Y. Sept. 27, 2017));

*see also Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409 (S.D.N.Y. 2006) ("While a plaintiff's choice of forum should be accorded some deference, that consideration is not entitled to the same weight where . . . the operative facts are centered in another district.").

The operative facts set forth in the Complaint revolve around Defendants' office and place of business in the Eastern District of New York. The case concerns alleged labor and civil-rights law violations during the course of Plaintiff's employment as a secretary for Defendants. *See* Compl. at 3-14. Because the "underlying events" occurred in the Eastern District, where the Defendants reside and where Plaintiff was employed, "it is reasonable to expect that all relevant documents and witnesses also would be located in" that district. *Flores v. United States*, No. 24-CV-6123 (LTS), 2024 WL 4150338, at *2 (S.D.N.Y. Aug. 16, 2024). Accordingly, the Court finds that the balance of factors weighs in favor of transferring this action to the Eastern District of New York, and that such a transfer is in the interests of justice and conveniences of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.

Dated: December 2, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge